Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
**Shimoda Law Corp.**
9401 East Stockton Boulevard, Suite 200
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
       jrodriguez@shimodalaw.com

Attorneys for Plaintiff SCARLETTE MEJIA
on behalf of herself and similarly situated employees

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCARLETTE MEJIA, as an individual and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>FARMLAND MUTUAL INSURANCE COMPANY, an Iowa corporation; FARMLAND MUTUAL INSURANCE CO, an unincorporated association; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No. 2:17-CV-00570-TLN-KJN<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. **Failure to Provide Accurate Wage Statements**<br>2. **Private Attorneys General Act Claims**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SCARLETTE MEJIA (hereinafter referred to as "Plaintiff"), on behalf of herself and all other similarly situated employees (hereinafter sometimes collectively referred to as "Plaintiffs"), hereby files this Class Action and Private Attorneys General Act ("PAGA:)") Complaint against Defendants FARMLAND MUTUAL INSURANCE COMPANY, an Iowa corporation; FARMLAND MUTUAL INSURANCE CO, an unincorporated association; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 to 100, inclusive (FARMLAND MUTUAL INSURANCE COMPANY, FARMLAND MUTUAL INSURANCE CO,

NATIONWIDE MUTUAL INSURANCE COMPANY, and DOES 1 to 100 hereinafter collectively referred to as "Defendants").  Plaintiff alleges the following:

## INTRODUCTION

1. This is a class action and PAGA action brought by Plaintiff for wage statement violations under the California Labor Code.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(d)(2), and 1446. Pursuant to 28 U.S.C. § 1367, Plaintiff also invokes the Court's supplemental jurisdiction over Plaintiffs' state law claims.  All federal and state law claims alleged herein arise out of a common nucleus of operative facts, and Plaintiffs would normally be expected to try such claims in one proceeding.

3. Intradistrict Assignment.  Venue is proper pursuant to 28 U.S.C. §§ 84(b), 1391(b), and 1446 in that the acts giving rise to Plaintiff's claims occurred within Sacramento County.  For this same reason, and pursuant to Local Rule 120(d), the action shall be commenced at the United States District Court sitting in Sacramento, California.

4. Plaintiff has sought and received permission pursuant to Labor Code section 2699 *et. seq.* to pursue similar claims as those set forth in this Complaint against Defendants as Private Attorneys Generals on behalf of herself and other similarly situated employees.  Plaintiff provided Defendants and the Labor and Workforce Development Agency ("LWDA") notice pursuant to Labor Code section 2699.3 of the facts and theories supporting the alleged PAGA claims as outlined in the PAGA cause of action below.  More than the statutorily allowed sixty-five days for the LWDA to respond to Plaintiff's notice has transpired.  Thus, Plaintiff has become authorized to pursue the PAGA claims in this civil action.

## PARTIES

5. Plaintiff SCARLETTE MEJIA is over the age of eighteen (18) and is a resident and domiciliary of the State of California.

6. Plaintiff is informed and believes, and thereupon alleges, that FARMLAND MUTUAL INSURANCE COMPANY is now and/or at all times mentioned in this Complaint was an Iowa

corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

7. Plaintiff is informed and believes, and thereupon alleges, that FARMLAND MUTUAL INSURANCE CO is now and/or at all times mentioned in this Complaint was an unincorporated association in California.

8. Plaintiff is informed and believes, and thereupon alleges, that NATIONWIDE MUTUAL INSURANCE COMPANY is now and/or at all times mentioned in this Complaint was an Ohio corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

9. DOES 1 through 100 are affiliates, subsidiaries and related entities and the alter egos of FARMLAND MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, and/or FARMLAND MUTUAL INSURANCE CO corporate or otherwise, who participated in and are liable for the actions herein alleged. Plaintiff will seek to amend this class Action Complaint to allege the true names and capacities of these DOE Defendants when they are ascertained. At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to Plaintiffs.

10. Defendants, and each of them, are now and/or at all times mentioned in this Class Action Complaint, were members of and/or engaged in a joint employment, joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint employment, joint venture, partnership, and common enterprise.

11. Defendants, and each of them, are now and/or at all times mentioned in this Class Action Complaint approved, ratified, acquiesced, aided or abetted the acts and omissions alleged in this Class Action Complaint.

12. Defendants proximately caused Plaintiffs to be subjected to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this Class Action Complaint.

//
//

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

## CLASS ALLEGATIONS

13. Plaintiff brings her First Cause of Action, on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rules of Civil Procedure 23. The class that Plaintiff seeks to represent are composed of and defined as follows:

> All individuals who have, or continue to, perform work for Defendants within California at any time from February 3, 2016 and up to the present date who were issued paystubs by Defendants

14. This action has been brought and may be properly maintained as a class action, pursuant to the provision of Federal Rules of Civil Procedure 23, because the requisites of Rule 23(a) and 23(b)(3) can be easily met.

(a) Numerosity: The Plaintiff Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes that Defendants have employed more than one-hundred (100) individuals falling within the above stated class definition throughout the State of California during the applicable statute of limitations, who were subjected to the practices outlined in this Complaint. As such, joinder of all members of the Plaintiff Class is not practicable.

(b) Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over questions that affect only individual members of the class. These common questions of law and fact include, without limitation, the following:

(1) Whether Defendants issued defective paystubs

(c) Typicality: Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. She also sustained damages arising out of Defendants' common course of conduct in violation of the law as complained of herein. Plaintiff and all members of the putative class were issued uniform paystubs that were defective as a matter of law. As a result, each putative class member will have the same basis for penalties as does Plaintiff.

    (d)    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the members of the putative class. Plaintiff resides in California, worked for Defendants in California, and is an adequate representative of the putative class as she has no interests that are adverse to those of absent class members. Additionally, Plaintiff has retained counsel who has substantial experience in complex civil litigation and wage and hour matters.

    (e)    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Further, as damages suffered by each individual member of the class may be relatively small, the expenses and burden of the individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, and an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

15. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## GENERAL ALLEGATIONS

16. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff was jointly employed by Defendants from approximately August 2004 until November 18, 2016 as a commercial underwriter.

18. Defendants stated the incorrect entity name and address on paystubs issued to Plaintiffs' and similarly situated employees'. Although the name "Farmland Mutual Insurance Co." and the address of "One Nationwide Plaza 1-01-401, Columbus, OH 4215" is stated on the paystubs,

the entity name and address registered with the secretary of state is "Farmland Mutual Insurance Company" and "100 Locust Street, Des Moines, IA 50391" respectively.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (LABOR CODE § 226)
### (As to all Defendants)

19. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 18 as though fully set forth herein.

20. According to Labor Code section 226(a), an employer must provide an itemized statement to an employee, semimonthly or at the time of each payment of wages, showing:

*(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.*

21. Plaintiff alleges that Defendants intentionally and knowingly failed to provide an itemized statement or failed to provide an accurate and complete itemized statement showing the requirements set forth in Labor Code section 226(a). Defendants did not itemize correct name or address of the legal entity that was the employer.

22. Additionally, Plaintiffs allege they suffered injury as a result of (1) Defendants' failure provide a wage statement, or (2) by Defendants' failure to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of Labor Code section 226, subdivision (a), and Plaintiffs cannot promptly and easily determine (*i.e.* a reasonable person in Plaintiffs' position

would not be able to readily ascertain the information without reference to other documents or information) from the wage statement alone the name and address of the employer.

23. As a proximate cause of Defendants' failure to provide accurate statements, Plaintiffs were damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SECOND CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT
**(As to Defendants)**

24. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff has alleged to the Labor Commissioner that Defendants have violated the following provisions of the Labor Code in their dealings with Plaintiff and other similarly situated current and former employees:

- Violation of Labor Code section 226 (Failure to Issue Accurate Wage Statements)

26. Plaintiff has received authorization to act on behalf of the Labor Commissioner to assess civil penalties against Defendants.

27. Plaintiff seeks civil penalties against Defendants pursuant to Labor Code section 2699(f)(2).

28. Plaintiff seeks these civil penalties on behalf of himself and all other former and current employees from Defendants pursuant to Labor Code sections 2699(a) and 2699.3.

## DAMAGES

WHEREFORE Plaintiff requests relief as follows:

1. A jury trial;
2. As to the First Cause of Action:
   a. For penalties in the amount of $1,000,000.00;
   b. For attorneys' fees and costs.

//
//
//

3. <u>As to the Second Cause of Action:</u>
   a. Penalties according to the following schedule: For any initial violation, $100.00 for each aggrieved employee per pay period. For any subsequent violation, $200.00 for each aggrieved employee per pay period;
   b. Reasonable attorneys' fees and costs pursuant to Labor Code section 2699;
4. For such other and further relief as this Court may deem just and proper, including, but not limited to:
   a. Injunctive and declaratory relief as authorized by law;
   b. Special and general damages;
   c. Attorneys' fees, costs, and interest as authorized by law;

Dated: May 22, 2017                                **Shimoda Law Corp.**


By: _____/s/ Justin P. Rodriguez_____
       Galen T. Shimoda
       Justin P. Rodriguez
       Attorneys for Plaintiffs