LITTLER MENDELSON, P.C.
BARBARA A. BLACKBURN, Bar No. 253731
bblackburn@littler.com
BRITNEY N. TORRES, Bar No. 287019
btorres@littler.com
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
Telephone:   916.830.7200
Fax No.:      916.561.0828

Attorneys for Defendants
FARMLAND MUTUAL INSURANCE COMPANY,
which was sued by its correct name and also as
FARMLAND MUTUAL INSURANCE CO, and
NATIONWIDE MUTUAL INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCARLETTE MEJIA, on behalf of herself and all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>FARMLAND MUTUAL INSURANCE COMPANY, an Iowa corporation; FARMLAND MUTUAL INSURANCE CO., an unincorporated association; NATTIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.  Case No. 2:17-CV-00570-TLN-KJN<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS THEREIN**<br><br>Date:      July 27, 2017<br>Time:      2:00 p.m.<br>Ctrm.:     2, 15th Floor<br>Judge:     Hon. Troy L. Nunley |

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Firmwide:148073648.2 050511.1186                                                                                Case No. 2:17-CV-00570-TLN-KJN

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS THEREIN

Defendants FARMLAND MUTUAL INSURANCE COMPANY, which was sued by its correct name and also as FARMLAND MUTUAL INSURANCE CO ("Farmland"), and NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide"; Farmland and Nationwide are collectively referred to herein as "Defendants") hereby request that this Court take judicial notice of the following documents, pursuant to Federal Rule of Evidence 201(d), *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (a court may take judicial notice of documents not physically attached to the complaint when they are referred to in the complaint, are central to the plaintiff's claim, and no party questions their authenticity), and *Mullis v. United States Bank*, 828 F.2d 1385, 1388, n.9 (9th Cir. 1987) (court must take judicial notice of court files in other lawsuits if supplied with the requisite information), in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Strike Class Allegations Therein:

1. A paystub for Plaintiff Scarlette Mejia ("Plaintiff") dated July 22, 2016, as referenced in paragraphs 14, 18, 21, and 25 of Plaintiff's Complaint. A true and correct copy of Plaintiff's paystub is attached hereto as **Exhibit A**.

2. Minute Order dated March 1, 2016 in the Superior Court of California for the County of Orange in *Beach v. Volt Information Sciences, Inc.*, Case No. 30-2014-00743759-CU-OE-CXC ("*Beach* Minute Order"). A true and correct copy of the *Beach* Minute Order is attached hereto as **Exhibit B**.

Dated: June 29, 2017

                                  */s/ Britney N. Torres*
                                  BARBARA A. BLACKBURN
                                  BRITNEY N. TORRES
                                  LITTLER MENDELSON, P.C.
                                  Attorneys for Defendants
                                  FARMLAND MUTUAL INSURANCE COMPANY, which was sued by its correct name and also as FARMLAND MUTUAL INSURANCE CO, and NATIONWIDE MUTUAL INSURANCE COMPANY

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Firmwide:148073648.2 050511.1186

2.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS THEREIN

# EXHIBIT A

**Nationwide** is on your side

| Farmland Mutual Insurance Co | Pay Group: | B18-Salaried/PT Salaried | Business Unit: | STDBU |
|---|---|---|---|---|
| One Nationwide Plaza 1-01-401 | Pay Begin Date: | 07/04/2016 | Advice #: | 000000019238494 |
| Columbus, OH 43215 | Pay End Date: | 07/17/2016 | Advice Date: | 07/22/2016 |
| 877/768-7231 | | | | |

| | | | TAX DATA: | Federal | CA State |
|---|---|---|---|---|---|
| Scarlette Mejia | Employee ID: | 369914 | Marital Status: | Exempt | Married |
| 7111 TREETOP COURT | Department: | 103347-NWAG Farm UW North CA | Allowances: | | 4 |
| CITRUS HEIGHTS, CA 95621 | Location: | Nationwide | Addl. Percent: | | |
| | Job Title: | Sr Underwriter, CL | Addl. Amount: | | |
| | Pay Rate: | $66,000.00 Annual | | | |

### HOURS AND EARNINGS

| | | ----- Current ----- | | ----- YTD ----- | | TAXES | | |
|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Regular | | | 2,538.46 | 1,027.75 | 33,362.09 | Fed MED/EE | 32.68 | 505.24 |
| My Health Completion Credit | | | 40.00 | | 600.00 | Fed OASDI/EE | 139.75 | 2,160.33 |
| Your Time Reported Payments | 32.754342 | 7.75 | 253.85 | 134.75 | 4,346.05 | CA Withholdng | 17.03 | 355.72 |
| Regular | 32.754342 | -7.75 | -253.85 | | 0.00 | CA OASDI/EE | 20.60 | 326.37 |
| Associate Incentive Plan | | | 0.00 | | 1,401.30 | Fed Withholdng | 0.00 | 628.51 |
| Health Savings Choice Loan | | | 0.00 | | 2,000.00 | | | |
| **TOTAL:** | | **0.00** | **2,578.46** | **1,162.50** | **41,709.44** | **TOTAL:** | **210.06** | **3,976.17** |

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| MCO Medical Coverage | 210.00 | 3,150.00 | 1st 401K Loan Payment | 141.49 | 2,122.35 | Fed Med/ER | 32.68 | 505.24 |
| Dental Coverage Deduction | 13.25 | 198.75 | Voluntary Benefits | 35.78 | 563.58 | Fed OASDI/ER | 139.75 | 2,160.33 |
| Vision | 12.72 | 190.80 | HSC Loan Repayment | 250.00 | 1,000.00 | MCO Medical Coverage | 404.00 | 6,060.00 |
| Employee Group Life | 3.15 | 47.25 | Nationwide Bank | 50.00 | 750.00 | Dental Coverage Deduction | 31.25 | 468.75 |
| Employee Group Accident | 3.37 | 50.07 | Employee After Tax Group Life | 9.32 | 138.30 | Accident Supplement Plan HDHP | 9.60 | 144.00 |
| Spouse Group Accident | 1.18 | 17.70 | Child Group Life | 0.22 | 3.30 | Purchased Short Term Disab | 17.77 | 263.97 |
| Child Group Accident | 0.10 | 1.50 | Spouse Group Life | 10.70 | 160.50 | Nationwide Savings Plan | 76.15 | 1,173.28 |
| Purchased Short Term Disab | 7.62 | 113.16 | | | | Health Savings Account | 0.00 | 900.00 |
| Nationwide Savings Plan | 304.62 | 4,594.10 | | | | | | |
| Medical FSA | 38.46 | 576.90 | | | | | | |
| Health Savings Account | 34.62 | 519.24 | | | | | | |
| **TOTAL:** | **629.09** | **9,459.47** | **TOTAL:** | **497.51** | **4,738.03** | **TOTAL:** | **711.20** | **11,675.57** |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 2,578.46 | 0.00 | 210.06 | 1,126.60 | 1,241.80 |
| YTD | 41,709.44 | 30,249.97 | 3,976.17 | 14,197.50 | 23,535.77 |

| YEAR-TO-DATE | YOUR TIME | | NET PAY DISTRIBUTION | | | | |
|---|---|---|---|---|---|---|---|
| Start Balance | 3.00 | | Account Type | Account Number | Transit # | Bank Name | Deposit Amount |
| + Earned | 98.00 | Advice #000000019238494 | Checking | 74600096937810 | 321076470 | PATELCO CREDIT UNION | 1,020.00 |
| - Taken | 80.50 | | Savings | 14299 | 321379180 | HONOLULU POLICE FCU | 150.00 |
| - Supplement/Payout | 0.00 | | Checking | 100004991944 | 044072324 | Nationwide Bank | 50.00 |
| + Adjustment/Forfeit | 0.00 | | Savings | 74600096937800 | 321076470 | PATELCO CREDIT UNION | 21.80 |
| **End Balance** | **20.50** | **TOTAL:** | | | | | **1,241.80** |

**MESSAGE:**

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 03/01/2016                    TIME: 01:44:00 PM         DEPT: CX101
JUDICIAL OFFICER PRESIDING: Gail A. Andler
CLERK: Mary White
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2014-00743759-CU-OE-CXC** CASE INIT.DATE: 09/08/2014
CASE TITLE: **Beach vs. Volt Information Sciences, Inc.**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72330316
**EVENT TYPE**: Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission, now rules as follows:

Plaintiff's Motion for Summary Judgment, Or in the Alternative, Motion for Summary Adjudication, is **DENIED**.

Defendant's Motion for Summary Judgment is **GRANTED**.

Defendant's unopposed Requests for Judicial Notice are **GRANTED** under Ev. Code §452(c).

Both Motions seek summary judgment based on competing interpretations of Labor Code § 226(a)(8), which requires employers to state "the name and address of the legal entity that is the employer" on wage statements. It is undisputed that Defendant Volt used a P.O. Box as its mailing address for over 20 years, and had listed that P.O. Box as its address on wage statements prior to this litigation. (See Plaintiff's UF 1-3, Defendants UF 9, 10.)

Plaintiff contends that Labor Code § 226(a)(8) requires the employer to list its physical address, rather than a separate mailing address, and therefore that Defendant violated §226(a)(8) by listing a P.O. Box on wage statements provided to Plaintiff and other employees. But Plaintiff's contention is not supported by the evidence presented.

Labor Code §226 does not specify whether a *physical* address for the employer is required, as it refers only to "the name and address of the legal entity that is the employer." Nor does it appear that the Legislature intended a "physical address" requirement. That the statute does not include a specific

Case 2:17-cv-00570-TLN-KJN Document 11 Filed 06/29/17 Page 7 of 9

CASE TITLE: Beach vs. Volt Information Sciences, Inc.   CASE NO: **30-2014-00743759-CU-OE-CXC**

requirement to state the employer's physical address suggests that this was not intended, as many statutes have specified the type of address required. (See e.g. Lab. Code §2810.5(e); see also Defendant's Motion, at MPAs pp. 10-11, listing other examples.) In addition, courts have found the term "address" to apply to more than a physical address in other contexts. (See e.g. *WorldMark v. Wyndham Resort Dev. Corp.* (2010) 187 Cal.App.4th 1017, 1034; *U.S. v. Ryan* (3d Cir. 1987) 828 F.2d 1010, 1015-16 *State v. Rubey* (N.D. 2000) 611 N.W.2d 888, 892.) The use of the term "address" in §226(a) thus does not necessarily mean "physical address."

Plaintiff argues that a physical address was nonetheless plainly required because the DLSE website shows a physical address on its exemplar. Although not binding on a court, the DLSE's construction of a statute, whether embodied in a formal rule or a less formal representation, is entitled to consideration and respect. (*Morgan v. United Retail Inc.* (2010) 186 Cal.App.4th 1136, 1147.) It is undisputed that DLSE exemplar wage statements showed a physical address in 2012, 2013, and 2015. (Hanson Decl. Exs. A-C; Plaintiff's UF 4.) But that does not establish that the DLSE therefore construed §226(a)(8) to require a physical address, or to preclude the use of a P.O. Box which is otherwise used as the business' mailing address.

Nor does the legislative history for §226(a) establish such an intent. The evidence presented shows the intent was to provide an address for employees to request a W-2 when not received. (See RJN Exs. B-D.) Use of a P.O. Box for the employer's address, where that is the mailing address for the employer's business, thus appears consistent with the legislative intent.

Lab. Code §2810.5 does not suggest otherwise. It requires at §2810.5(e) that employers give notice to new employees of certain employment-related information, including the "physical address of the employer's main office or principal place of business, and a mailing address, if different." (Lab. Code § 2810.5(e).) It then states in §2810.5(b) that the employer is to notify employees in writing of any changes to the information stated in the notice within 7 days unless: "(1) All changes are reflected on a timely wage statement furnished in accordance with Section 226" or "(2) Notice of all changes is provided in another writing required by law within seven days of the changes."

Plaintiff argues that because §2810.5(b) refers to §226, the term "address" in §226(a)(8) must correspond to Lab. Code § 2810.5(e). But there are many provisions in §2810.5 that would not be shown in a compliant wage statement. Merely because an employer is not required to provide a new notice for changes reflected on a wage statement, it does not mean the wage statement must provide all of the same information required under §2810.5.

Finally, while Plaintiff is correct that a physical address is needed for service of process, there is no evidence that this was a consideration in setting the address requirement in Lab. Code §226. That is thus beyond the scope of the instant motions.

The Court therefore finds that there was no violation of Labor Code §226(a)(8) due to the use of the P.O. Box address here. As the P.O. Box that was listed was the mailing address used by the employer for the past 20 years, and was used for employee communications concerning payroll matters including replacement W-2s (Defendant's Motion UF 9, 10, 14, & 15), stating that P.O. Box on Defendant's wage statements as its "address" was sufficient to satisfy § 226(a)(8) in this instance.

Defendant is to give notice of these rulings and to prepare a proposed order in accordance with C.R.C. 3.1312.

Clerk to give e-service notice to Defendant and Defendant to give notice to all other parties.

CASE TITLE: Beach vs. Volt Information Sciences, Inc.     CASE NO: **30-2014-00743759-CU-OE-CXC**

---

It is so ordered.

*/s/ Gail Andler*
Honorable GAIL ANDLER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, CA 92701 ||
|---|---|
| **SHORT TITLE:** Beach vs. Volt Information Sciences, Inc. ||
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2014-00743759-CU-OE-CXC** |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 03/01/16, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on March 2, 2016, at 2:03:47 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

FERNANDEZ & LAUBY LLP
LMA@FERNANDEZLAUBY.COM

LAW OFFICES OF KIRK D. HANSON
KDH@KHANSONLAW.COM

LITTLER MENDELSON, P.C.
AIGNAITIS@LITTLER.COM

Clerk of the Court, by: *Mary L. White*, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                               Code of Civ. Procedure , § CCP1013(a)