UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCARLETTE MEJIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FARMLAND MUTUAL INSURANCE COMPANY, an Iowa corporation; and NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation,<br><br>Defendants. | No. 2:17-cv-00570-TLN-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS** |

This matter is before the Court pursuant to Defendant Farmland Mutual Insurance Company's ("Farmland") and Defendant Nationwide Mutual Insurance Company's ("Nationwide") (collectively, "Defendants") Motion to Dismiss and Strike Plaintiff's Class Allegations. (ECF No. 10.) Plaintiff Scarlette Mejia ("Plaintiff") opposes the motion. (ECF No. 13.) After carefully considering the parties' briefing and for the reasons set forth below, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss and Strike Plaintiff's Class Allegations. (ECF No. 10.)

///

///

///

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is over the age of eighteen (18) and is a resident and domiciliary of the State of California. (First Amended Compl., ECF No. 9 ¶ 5.) Farmland is an Iowa corporation licensed to do business and actually doing business in the State of California. (ECF No. 9 ¶ 7.) Nationwide is an Ohio corporation licensed to do business and actually doing business in the State of California. (ECF No. 9 ¶ 8.) Defendants are now and/or at the time of the commencement of this Class Action Complaint, were joint employers engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of a joint venture, partnership, and common enterprise. (ECF No. 9 ¶ 10.)

Plaintiff alleges she was jointly employed by Defendants from approximately August 2004 until November 18, 2016, as a commercial underwriter. (ECF No. 9 ¶ 17.) According to Plaintiff, Defendants stated the incorrect entity name and address on her paystubs. (ECF No. 9 ¶ 18.) Plaintiff alleges the name "Farmland Mutual Insurance Co." and the address of "One Nationwide Plaza 1-01-401, Columbus, OH 4215" is stated on the paystubs. Plaintiff alleges Farmland's entity name and address registered with the California Secretary of State is "Farmland Mutual Insurance Company" and "100 Locust Street, Des Moines, IA 50391" respectively. (ECF No. 9 ¶ 18.)

Plaintiff alleges Defendants intentionally and knowingly failed to provide an accurate and complete itemized statement showing the requirements set forth in California Labor Code Section 226(a) because Defendants did not provide the correct name or address of Plaintiff's employer. (ECF No. 9 ¶ 21.)

Furthermore, Plaintiff alleges that she suffered injury as a result of (1) Defendants' failure to provide a wage statement, and (2) Defendants' failure to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of California Labor Code Section 226(a). (ECF No. 9 ¶ 22.) Plaintiff also alleges she cannot promptly and easily determine from the wage statement alone the name and address of the employer. (ECF No. 9 ¶

---

[1] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's First Amended Complaint ("FAC"). (ECF No. 9.)

22.)

Plaintiff seeks to represent a purported statewide class of employees who worked for Defendants at any time from February 3, 2016, to the present date who were issued defective paystubs by Defendants. (ECF No. 9 ¶¶ 13–14.)

Plaintiff alleged to the Labor Commissioner that Defendants violated California Labor Code Section 226 (Failure to Issue Accurate Wage Statements). (ECF No. 9 ¶¶ 25.) Plaintiff received authorization on behalf of the Labor Commissioner to assess civil penalties against Defendants under the Private Attorneys General Act ("PAGA"). (ECF No. 9 ¶¶ 25–26.) Plaintiff seeks civil penalties for this violation pursuant to Labor Code Section 2699(f)(2). (ECF No. 9 ¶ 27.) Plaintiff seeks these civil penalties on behalf of herself and all other former and current employees of Defendants pursuant to Labor Code Sections 2699(a) and 2699.3. (ECF No. 9 ¶ 28.)

## II. STANDARD OF LAW

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

3

relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should

freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### B. Motion to Strike

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true[.]" *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). Similarly, the Court "must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. MercedesBenz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (internal quotation omitted). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

Courts have recognized that class action allegations may sometimes be properly stricken at the pleading stage. *See e.g., Kamm v. California City Dev. Co.*, 509 F.2d 205, 209–213 (9th Cir. 1975); *see generally General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim."). However, Ninth Circuit precedent stands "for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). District courts have broad discretion to control the class certification process, including whether to permit discovery in connection with class certification. *See id.*

///

///

### III. REQUESTS FOR JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of a copy of Plaintiff's wage statement and a copy of a minute order from the Superior Court of California in *Beach v. Volt Information Sciences, Inc.*, Case No. 30-2014-00743759-CU-OE-CXC ("*Beach* Minute Order"). (ECF No. 12 at 2.) Plaintiff objects to Defendants' Request for Judicial Notice on the grounds that it was untimely and not directly related to the matters at issue. (*See generally* ECF No. 14.) Defendants respond that the original Request for Judicial Notice was timely filed, but the Court asked Defendants to redact confidential information on Plaintiff's wage statement, and then refile it. (ECF No. 18 at 2.) Defendants did so and filed the Amended Request for Judicial Notice one day later. (*See Generally* ECF No. 12.) Defendants also argue the Court may take judicial notice of orders in other courts, and in this case a Request for Judicial Notice was the only way to submit the *Beach* Minute Order because it is not available on a database. (ECF No. 18 at 2.)

The Court may judicially notice a fact that is not subject to reasonable dispute, either because it is generally known within the court's jurisdiction or because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. "The court may take judicial notice at any stage of the proceeding." *Id.* On a motion to dismiss, a court may take judicial notice of facts outside the pleadings. *See Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). A court may also take judicial notice of its own records and the records of other courts. *See Taft v. Martinez*, 2018 U.S. Dist. LEXIS 70102, at *1 n.1 (E.D. Cal. 2018) (citing *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)); *see also Bennet v. Medtronic, Inc.* 285 F. 3d 801, 803 n.2 (9th Cir. 2002).

The Court considers Defendants' Request for Judicial Notice to be timely filed. The Court granted Plaintiff leave to file her Complaint on May 30, 2017. (ECF No. 8 at 4.) In the Order, the Court gave Defendants thirty days from May 30, 2017, to file a responsive pleading. (ECF No. 8 at 4.) Thirty days from May 30, 2017, is June 29, 2017. Defendants submitted the original Request for Judicial Notice on June 29, 2017. (ECF No. 11.) The Court asked Defendants to redact certain information from this Request for Judicial Notice. After doing so,

Defendants filed the Amended Request for Judicial Notice on June 30, 2017.  (ECF No. 12.)  Accordingly, as it was the Court's request that Defendants refile the Request for Judicial Notice, the Court deems the filing timely.  The Court takes judicial notice of the *Beach* Minute Order because it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  *See* Fed. R. Evid. 201.  The *Beach* Minute Order is directly related to the issue at hand because it interprets the word "address" in Section 226.  Therefore, the Court grants Defendants' Request for Judicial Notice.

As Defendants did not object to Plaintiff's Request for Judicial Notice, the Court will take Judicial Notice of all exhibits therein. The Court may take Judicial Notice of these documents pursuant to Federal Rule of Evidence 201.  *See Zephyr v. Saxon Mortg. Servs., Inc.*, 873 F. Supp. 2d 1223, 1225 (E.D. Cal. 2012) (taking judicial notice of the legislative history of a statute).  Thus, the Court grants Plaintiff's Request for Judicial Notice.

Similarly, as Plaintiff did not object to Defendants' Supplemental Request for Judicial Notice, the Court grants Defendants' Supplemental Request for Judicial Notice for the reasons set forth above. *See id.*

### IV.    ANALYSIS

Plaintiff's FAC alleges two causes of action against Defendants: (1) intentional and knowing failure to provide accurate wage statements in violation of Labor Code Section 226(a); and (2) a PAGA claim based on intentional and knowing failure to provide accurate wage statements in violation of Labor Code Section 226(a), pursuant to Labor Code Section 2699(f)(2).  (ECF No. 9 ¶¶ 19–28.)  Defendants argue this Court should dismiss both causes of action because Labor Code Section 226(a) does not require the name and address on wage statements to match the name and address registered with the California Secretary of State.  (ECF No. 10 at 2.)  Additionally, Defendants argue the Court should strike Plaintiff's class allegations.  (ECF No. 10 ¶ 5.)  The Court will analyze Defendants' arguments in the order stated above.

///

///

///

A. <u>Cause of Action 1: Intentional and Knowing Violations of Labor Code Section 226(a)(8)</u>

Plaintiff alleges that Defendants violated Section 226(a)(8) because the name and address listed on the wage statements were not identical to the name and address registered with the California Secretary of State. (ECF No. 9 ¶ 21.) Defendants argue that Section 226(a)(8) does not require the name and address provided on employee wage statements be the same as the name and address registered with the California Secretary of State. (ECF No. 10 at 2.) The Court will address each alleged violation of Section 226(a)(8), the employer's name and the employer's address, separately.

        *i.*    *Employer's Name*

Defendants argue Plaintiff fails to state a claim upon which relief can be granted because Section 226(a)(8) does not require the name on Plaintiff's pay stub be the same as the name registered with the Secretary of State. (ECF No. 10 at 2.) Plaintiff alleges Defendants' failure to list "Farmland Mutual Insurance Company," the name registered with the Secretary of State, instead of "Farmland Mutual Insurance Co.," on Plaintiff's pay stub constitutes a violation of Section 226(a)(8). (ECF No. 9 ¶ 18.) Plaintiff further argues the legislative history of Section 226(a)(8) indicates that the Legislature contemplated a specific name when drafting Section 226(a)(8). (ECF No. 13 at 6–8.)

Labor Code Section 226(a)(8) requires employers to provide a wage statement that shows "the name and address of the legal entity that is the employer." Cal. Labor Code § (226)(a)(8). Although "name" is undefined in Labor Code Section 226(a)(8), the California Court of Appeal for the Third District considered this issue in *Cicairos v. Summit Logistics, Inc.* 133 Cal. App. 4th 949 (2005). There, the court reversed a grant of summary judgment in favor of the employer on a Section 226(a)(8) claim when the employer, Summit Logistics, Inc., listed "SUMMIT" as its name on a document that was purported to be a wage statement. *See id.* at 954. The court in *Cicairos* determined that the "driver trip summaries," offered by the defendant as wage statements, violated Section 226(a) in several other respects, including failure to itemize hours worked and failure to provide an address of the employer. *See id.* at 960. The court held that the

driver trip summaries contained "anomalies of confusing elements" and did not constitute adequate itemized wage statements. *Id.* However, *Cicairos* did not hold employers must include their registered corporate name on wage statements. *See York v. Starbucks Corp.*, No. CV 08–07919 GAF (PJWx), 082009 WL 8617536, at *8 (C.D. Cal. Dec. 3, 2009) (acknowledging *Cicairos* but nevertheless finding no violation of Section 226 where the defendants had listed "Starbucks Coffee Company" instead of the registered name, "Starbucks Corp." on wage statements). Moreover, merely truncating the name of the employer does not violate Section 226. *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1180 (C.D. Cal. 2008) (finding as a matter of law no violation of Section 226 when defendant truncated "Spherion Pacific Workforce, LLC" to "Spherion Pacific Work, LLC"). "[I]nstead of requiring an employer to state its 'complete' or 'registered' name, [S]ection 226(a)(8) only requires the employer to state its 'name and address.'" *Id.*

Here, Farmland does not dispute that the name it provided on Plaintiff's wage statement is different from the name it registered with the California Secretary of State. (ECF No. 10 at 8.) As discussed above, however, Section 226(a)(8) does not require the name on the wage statement to be the name registered with the California Secretary of State. Plaintiff argues the use of the word "the" indicates that the Legislature had a particular name in mind when it drafted Section 226. (ECF No. 13 at 4.) However, if the Legislature had a particular address in mind, surely it would have explained *which* address. Plaintiff makes the conclusory argument that "there can be no better evidence of what the full legal entity name and address are for an employer than from what the employer affirmatively represents to the California Secretary of State to be true and correct." (ECF No. 13 at 6.) This contention is not supported by the text of Section 226. Nor does the legislative history of Section 226 reveal that the statute contemplates a specific name.

Plaintiff provides a Bill Memorandum of Section 226, an author's copy of Section 226, and a letter from Assemblyman Richard E. Floyd to Governor George Deukmejian, to argue that the legislative history of Section 226 reveals the statute requires a specific name. (*See generally* ECF No. 15.) Taken either separately or together, the documents show only that the Legislature amended the bill to require a name and address of the employer because it would be "useful when

grievances arise out of wages, for unemployment insurance purposes and for income tax and pension purposes." Bill Memorandum to Assembly Bill 1750, Jun. 24, 1963.  Simply put, the legislative history of Section 226 lends no support to Plaintiff's argument that the employer name listed on an employee's wage statement must be identical to the employer name registered with the Secretary of State.  The Court agrees that "if the Legislature had intended to require an employer to show its complete name on wage statements, it would have stated so in this section." *Elliot*, 572 F. Supp. 2d at 1179.  Similarly, if the Legislature had intended the name on wage statements be identical to the name registered with the Secretary of State, it would have stated so. Therefore, Plaintiff's allegations fail to state a claim as a matter of law, as the name on the wage statement need not match the name listed with the California Secretary of State.

Moreover, the Court finds that allowing leave to amend would be futile because the Court holds Defendants' provision of the name "Farmland Mutual Insurance Co." did not violate Section 226 as a matter of law.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that futility of amendment is an exception to the general rule that leave to amend shall be freely given when justice so requires).  Accordingly, the Court grants without leave to amend Defendants' Motion to Dismiss Plaintiff's claim for an intentional and knowing failure to provide accurate wage statements in violation of Labor Code Section 226(a)(8) insofar as the claim relates to the employer name stated on Plaintiff's paystub.

      *ii.*  *Employer's Address*

Defendants argue Plaintiff fails to state a claim upon which relief can be granted because Section 226 does not require the address listed on the wage statement be the same as the address registered with the Secretary of State.  (ECF No. 10 at 10.)  Plaintiff alleges Defendants violated Section 226 by listing an address different from the name and address registered with the Secretary of State.  (ECF No. 9 ¶ 18.)  Furthermore, Plaintiff argues the legislative history of Section 226 and the use of the word "the" mandates a specific address be listed on employee wage statements.  (*See generally* ECF No. 13.)

No binding case law defines the word "address" in Section 226.  Plaintiff cites a number of cases in support of her argument that the Legislature's use of the definite article "the" indicates

10

that Section 226 mandates a specific address. The Court will deal with these in order. First, Plaintiff cites *Gale v. First Franklin Loan Services*, 701 F.3d 1240 (9th Cir. 2012) for the proposition that the definite article "the" particularizes the subject which it precedes. (ECF No. 13 at 4.) While this contention is generally true, the statute in question in *Gale* used the definite article "the" to refer to a particular servicer mentioned in the previous sentence. *See Gale,* 701 F.3d at 1246 ("The use of the definite article in referring to the servicer only makes sense by reference to the preceding sentence of paragraph (f)(2), which relates to '[a] servicer of a consumer obligation who is a nominal owner on the basis of an *assignment* of the obligation for administrative convenience.'"). Here, Section 226 does not define "address," nor does the statute refer to a particular address in a preceding sentence or paragraph. Next, citing *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1396 (2010), Plaintiff argues that the article "the" is used to modify specific nouns, while the indefinite articles "a" and "an" are used to modify nonspecific nouns. Plaintiff's argument is misplaced. In *Pineda,* the court read Labor Code Section 203 to refer to a particular statute of limitations specified in the statute. *See Pineda,* 50 Cal. 4th at 1397 (holding that the definite article "the" suggested that "the Legislature was referring to the specific limitations period governing any and all suits for unpaid final wages, not a particular suit filed by an employee for unpaid final wages."). Again, the Legislature did not specify or define a particular type of address within the Labor Code. Finally, arguing that reliance on corporate filings is "nothing new," Plaintiff cites *Rosas v. Sup. Ct.*, 25 Cal. App. 4th 671, 674 (1994) and *Hardin v. San Jose City Lines, Inc.*, 103 Cal. App. 2d 688 (1951). As Defendants correctly point out in their reply, these cases involve disputes over a company's "principal place of business" and not an "address." (ECF No. 17 at 4–5.) The Court does not find these cases relevant to the definition of "address" within the context of Section 226. Additionally, the Court could not find any cases interpreting "address" in Section 226. Thus, the Court looks to the California Supreme Court for guidance on interpretation of California statutes:

> Words used in a statute or constitutional provision should be given the plain meaning they bear in ordinary use. If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or voters (in the case of a provision adopted by the voters).

11

> But the "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. An interpretation that renders related provisions nugatory must be avoided; each sentence must be read not in isolation but in light of the statutory scheme; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed.

*Lungren v. Deukmejian*, 45 Cal. 3d 727, 735 (Cal. 1988) (citations omitted).

Here, where the statute does not define "address" or refer to any particular address set out in Labor Code Section 226, the plain meaning of the text will prevail unless it is inconsistent with the legislative intent of the statute. *See id.* The plain meaning of "address" is "a description of the location of a person or organization, as written or printed on mail as directions for delivery" or "the location at which a particular organization or person may be found or reached." *Address, American Heritage Dictionary* (5th ed. 2018). Plaintiff does not allege that the address given on the wage statement was not the place at which Defendants received mail, nor does Plaintiff allege that Defendants cannot be found or reached at the provided address. The Court finds no evidence, either in the text of the statute, or in its legislative history, that the Legislature intended "address" to bear a specific meaning, rather than its plain and ordinary one.

Plaintiff provides the legislative history of Section 226 to argue that the statute requires a specific address. (*See generally* ECF No. 15.) The Court is not persuaded. As discussed above, the legislature amended Section 226 because it would be "useful when grievances arise out of wages, for unemployment insurances purposes and for income tax and pension purposes." Bill Memorandum to Assembly Bill 1750, Jun. 24, 1963. Plaintiff has failed to explain why the address provided by Defendants is not useful for filing grievances, or for unemployment insurance or income tax purposes. *See id.* Additionally, for the same reasons as above, Plaintiff's argument that the Legislature's use of the word "the" indicates a contemplation of a specific address is unpersuasive. Even if the Legislature contemplated a specific address, Plaintiff cannot

12

find support, either in case law or the legislative history of the statute, that the specific address mandated by Section 226 is the address registered with the Secretary of State. If the Legislature had intended to require the registered address on wage statements, it would have stated so in Section 226. *See Elliot*, 572 F. Supp. 2d at 1179 (finding that the Legislature "well knew how to require highly detailed information on wage statements."). Furthermore, Plaintiff has not shown that the address provided by Defendants undermines the legislative intent of Section 226. The plain meaning of "address," therefore, prevails.

Although Plaintiff's FAC fails to state a claim upon which relief can be granted, the Court finds that Plaintiff may be able to amend her complaint to allege that the address provided by Defendants does not conform to the plain meaning of "address." The Court therefore grants with leave to amend Defendants' Motion to Dismiss Plaintiff's First Cause of Action for an intentional and knowing violation of Labor Code Section 226(a)(8) insofar as it relates to the address provided on Plaintiff's pay stub.

B. <u>Cause of Action 2: Private Attorneys General Act</u>

Plaintiff's second cause of action under the Private Attorneys General Act depends entirely on whether Defendants violated Labor Code Section 226. (ECF No. 9 ¶ 25.) Defendants argue Plaintiff fails to state a claim because Defendants did not violate Labor Code Section 226. As the Court has found no violation of Labor Code Section 226, Plaintiff's second cause of action also fails to state a claim for the aforementioned reasons. *See Elliot*, 572 F. Supp. 2d at 1182 (finding that Plaintiff's PAGA claim failed as a result of the failure of her Section 226 claims). Therefore, for the same reasons stated above, the Court grants without leave to amend Defendants' Motion to Dismiss Plaintiff's PAGA claim for an intentional and knowing violation of Labor Code Section 226 with respect to the name provided on Plaintiff's wage statement. The Court grants with leave to amend Plaintiff's PAGA claim with respect to the address provided on her wage statement.

C. <u>Defendants' Motion to Strike Plaintiff's Class Allegations</u>

Plaintiff brings her first cause of action as a class action. (ECF No. 9 ¶¶ 13–15.) Defendants argue because Plaintiff asserts her PAGA claim based on alleged violations of Section

226, her first cause of action is "redundant, immaterial, and impertinent" and should therefore be stricken under Federal Rule of Civil Procedure 12(f). (ECF No. 10 at 12.) Defendants also argue the first cause of action is redundant, immaterial, and impertinent because Plaintiff can recover larger penalties with less of an evidentiary showing under a PAGA claim, and because both claims depend on a violation of Section 226. (ECF No. 10 at 12–13.) Plaintiff contends that California law does not prohibit her from bringing both a class action and a PAGA claim, and that she can obtain damages unique to each claim. (ECF No. 13 at 10–11.)

Courts have held that striking is "severe and disfavored" and many have "declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP (RCx), 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating that while "class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification"). Defendants find no support in case law or the text of the California Labor Code for their argument that class action claims are redundant, immaterial, and impertinent when asserted in addition to PAGA claims. Furthermore, Plaintiff is correct in asserting that she can recover damages unique to each statute. *See Caliber Bodyworks*, *Inc. v. Sup. Ct.*, Cal. App. 4th 365, 371 (2005) (distinguishing between civil penalties and statutory penalties).

Additionally, the California Labor Code and the Private Attorneys General Act serve distinct purposes. *Compare Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385, 392 (2016) (finding that the purpose of Section 226(a) is to document the paid wages to ensure the employee is fully informed regarding the calculation of those wages) *with Reyes v. Macy's, Inc.*, 202 Cal. App. 4th 1119, 1123 (2011) ("The purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code."). Defendants' brief discussion of a lower evidentiary standard and differing penalties fails to show how the class allegations are redundant, immaterial, and impertinent. Therefore, "the Court Declines to strike class allegations at this early stage in the proceedings." *Gadomski v. Equifax Info. Servs., LLC*, 2018 U.S. Dist. LEXIS 76898, at *19 (C.D. Cal. 2018).

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss and Strike Plaintiff's Class Allegations (ECF No. 10) is GRANTED IN PART and DENIED IN PART. The Court hereby orders as follows:

1. The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss Plaintiff's First Cause of Action for intentional and knowing violation of California Labor Code Section 226(a)(8) with respect to the name of the employer stated on Plaintiff's wage statement.

2. The Court GRANTS WITH LEAVE TO AMEND Defendants' Motion to Dismiss Plaintiff's First Cause of Action for intentional and knowing violation of California Labor Code Section 226(a)(8) with respect to the address of the employer stated on Plaintiff's wage statement.

3. The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss Plaintiff's Second Cause of Action under the Private Attorneys General Act based on intentional and knowing violation of California Labor Code Section 226(a)(8) with respect to the name of the employer stated on Plaintiff's wage statement.

4. The Court GRANTS WITH LEAVE TO AMEND Defendants' Motion to Dismiss Plaintiff's Second Cause of Action under the Private Attorneys General Act based on intentional and knowing violation of California Labor Code Section 226(a)(8) with respect to the address of the employer stated on Plaintiff's wage statement.

5. The Court DENIES Defendants' Motion to Strike Plaintiff's Class Allegations with respect to all claims.

Plaintiff is afforded thirty (30) days from the date this Order is filed to file her Second Amended Complaint.

///

///

IT IS SO ORDERED.

Dated: June 25, 2018

_____
Troy L. Nunley
United States District Judge